WILLIAM A. N. LONG vs. JAMES E. WADE, appellant.

Kennebec.    Opinion November 20, 1879.

*Mortgagee.    Tenant.    Rent.*

A mortgagee is not entitled to the rent of the mortgaged premises from the tenant of the mortgagor till he takes possession, or requires the tenant to attorn to him.  Prior thereto the mortgagor is entitled to the rent.

ON FACTS AGREED.

ASSUMPSIT for rent.

Certain premises situated in Augusta were mortgaged by a prior owner to the Augusta Savings Bank by a valid 'mortgage duly recorded.  The plaintiff became the owner of the equity of redemption.  The mortgage was foreclosed by publication, duly recorded, but the equity of redemption had not expired February 17, 1877, when the plaintiff let the premises to the defendant as a tenant at will for rent of $50 per year.  On May 1, 1877, the defendant paid the rent sued for in this action (rent due from February 17 to May 1,) to the mortgagees, who as mortgagees, had demanded it.  Subsequently the plaintiff commenced this action.

The plaintiff to become nonsuit, or the defendant to be defaulted as the law court shall adjudge from the above agreed statement of facts.

*H. M. Heath & B. Wilson,* for the plaintiff.

*S. & L. Titcomb,* for the defendant.

APPLETON, C. J.   The plaintiff, being the owner of the equity of redemption of certain mortgaged premises of which a fore-

closure had been commenced by publication, on February 17, 1877, leased the same to the defendant for one year as tenant at will. On the first of the following May the defendant paid the mortgagees the rent from February 17 to that date, the mortgagees having demanded the same. This action is for the rent accruing between those dates.

The plaintiff owning the equity, leased the mortgaged premises to the defendant, who entered into possession and occupied under him. Nothing shows or tends to show that the mortgagees were in possession or did any act claiming the rents and profits till the demand in May, when the rent in controversy was paid.

The plaintiff represents the mortgagor. The mortgagor, so long as he remains in possession, or until entry by the mortgagee, may receive the rents and profits to his own use and is not liable to answer for them to the mortgagee. *Boston Bank* v. *Reed*, 8 Pick. 459. He is not even liable for those accruing between the commencement of action to foreclose and the time of taking possession upon execution. *Mayo* v. *Fletcher*, 14 Pick. 525. The purchaser of the equity stands in the place of the mortgagor, with a right to take the rents and profits to his own use until the mortgagee shall enter or do some equivalent act. *Field* v. *Swan*, 10 Met. 112. Here no entry nor any equivalent is shown earlier than May 1, for it is absurd to suppose that the plaintiff would have given, or the defendant have taken, the lease if the mortgagees had previously entered or were in possession, when the lease was given.

The entire weight of the authorities is in favor of the plaintiff's right to recover. *Noyes* v. *Rich*, 52 Maine, 115. *Wilder* v. *Houghton*, 1 Pick. 87. *Russel* v. *Allen*, 2 Allen, 44.

*Judgment for the plaintiff.*

WALTON, BARROWS, DANFORTH and SYMONDS, JJ., concurred. LIBBEY, J., did not sit.